IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| TAMI LIGUS, | |
|---|---|
| Plaintiff, | Case No. 3:18-cv-000187-TMB |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 23)** |
| Defendant. | |

## I. INTRODUCTION

The matter comes before the Court on Plaintiff Tami Ligus' Motion and Memorandum for Partial Summary Judgment (the "Motion") pursuant to Fed. R. Civ. P. 56(a).[1] Ms. Ligus filed suit against the United States for damages under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.*, the Federal Torts Claims Act ("FTCA").[2] Ms. Ligus alleges that she suffered bodily injury as a result of the United States' negligence.[3] Now, in her Motion, Ms. Ligus requests the Court grant partial summary judgment as to certain facts that she argues are undisputed.[4] Although the United States concedes that certain facts listed in Ms. Ligus' Motion are undisputed, it nevertheless

---

[1] Dkt. 23 (Motion).

[2] Dkt. 1 (Complaint).

[3] *Id.* at 3–5.

[4] Dkt. 23 at 2.

opposes the Motion.[5] The matter has been fully briefed and is now ripe for resolution.[6] For the reasons discussed below, Ms. Ligus' Motion at docket 23 is **GRANTED**.

## II. BACKGROUND

This case arises out of a slip and fall in a Burger King on Joint Base Elmendorf-Richardson ("JBER") in Anchorage, Alaska.[7] The record is largely undisputed and is summarized below.

On or about January 25, 2018, Ms. Ligus—a 96-year-old woman—was walking into the JBER Burger King with her son, Dr. Thomas Ligus.[8] After entering the vestibule of the JBER Burger King, Ms. Ligus slipped and fell.[9] Dr. Ligus requested the JBER Burger King staff to call the paramedics.[10] The paramedics transported Ms. Ligus to the emergency room on JBER.[11] At the hospital, a CT scan of Ms. Ligus' pelvis showed right inferior and superior pubic rami fractures and a comminuted distal third clavicle fracture.[12] On August 15, 2018, Ms. Ligus filed her Complaint against the United States.[13]

---

[5] Dkt. 24 at 1–6 (Response).

[6] Dkts. 23, 24, 25 (Reply).

[7] Dkt. 1 at 3.

[8] Dkts. 23-1 (Ballard Report); 23-2 at 4–5 (Ligus Deposition).

[9] Dkt. 23-2 at 5–6.

[10] *Id.* at 7–8.

[11] *Id.*

[12] Dkt. 23-3 at 1–2 (JBER ER Medical Records).

[13] Dkt. 1.

After Ms. Ligus filed her Complaint, she submitted to an examination by the United States' medical evaluator, Dr. John Ballard, M.D.[14] Dr. Ballard diagnosed Ms. Ligus with a right comminuted distal third clavicle fracture, right inferior and superior pubic rami fractures, lumbosacral strain, thoracic kyphosis, and neck pain.[15] In his opinion, Ms. Ligus' injuries were caused by a slip and fall.[16] Dr. Ballard also opined that the medical treatment Ms. Ligus received, "including the emergency room, diagnostic studies and her physical therapy," was reasonable and appropriate.[17]

### III. LEGAL STANDARD

Summary judgment is appropriate where, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party,[18] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] Material facts are those which might affect the outcome of the case.[20] A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

---

[14] Dkt. 23-1

[15] Dkt. 23-1 at 6.

[16] *Id.*

[17] *Id.*

[18] *Scott v. Harris*, 550 U.S. 372, 378 (2007).

[19] Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Jensinger v. Nev. F. Credit Union*, 24 F.3d 1127, 1130–31 (9th Cir. 1994).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

nonmoving party."[21] "There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion."[22] A movant's burden may be met by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."[23]

Once a movant has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial.[24] "[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them."[25] Finally, "[w]here . . . the case turns on a mixed question of fact and law and the only disputes relate to the legal significance of undisputed facts, the controversy is a question of law suitable for disposition on summary judgment."[26]

---

[21] *Id.* at 248.

[22] *Mills v. Wood*, No. 4:10-CV-00033-RRB, 2015 WL 2100849, at *1 (D. Alaska May 6, 2015), *aff'd in part*, 726 F. App'x 631 (9th Cir. 2018) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).

[23] *Celotex*, 477 U.S. at 325.

[24] *Id.* at 323–24.

[25] *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).

[26] *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1262 (9th Cir. 2016) (quoting *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011)).

## IV. DISCUSSION

Ms. Ligus filed her Motion on December 20, 2019.[27] Ms. Ligus' Motion requests the Court find that there is no genuine dispute of material fact as to the following facts:

1. "The plaintiff incurred a comminuted distal third clavicle fracture, right inferior and superior pubic rami fractures, lumbosacral strain, thoracic kyphosis, and neck pain as a result of her slip and fall."[28]

2. "As a direct result of these injuries the plaintiff underwent medical care, hospitalization, follow-up medical visits, which were reasonable and appropriate."[29]

3. "As a result of this injury and the subsequent care received the plaintiff is entitled to an award of non-economic damages and economic damage related to these injuries."[30]

In response, the United States does not dispute Ms. Ligus' alleged injuries, that those injuries are consistent with a slip and fall, or that the subsequent medical care she received was reasonable and appropriate.[31] However, the United States contends that these facts do not establish liability.[32] Additionally, it argues that a finding as to what damages plaintiff may or may not be entitled to is premature at this stage.[33]

---

[27] Dkt. 23.

[28] *Id.* at 6.

[29] *Id.*

[30] *Id.*

[31] Dkt. 24 at 6.

[32] *Id.*

[33] *Id.* at 3–4.

**A.    Ms. Ligus Is Entitled to Summary Judgment as to the Extent of Her Injuries that Resulted from the Slip and Fall.**

Ms. Ligus has established that there is no genuine dispute of material fact as to the scope and cause of her injuries. At the hospital, Ms. Ligus was initially diagnosed with right inferior and superior pubic rami fractures and a comminuted distal third clavicle fracture.[34] Later, the government's expert, Dr. Ballard, diagnosed Ms. Ligus with right inferior and superior pubic rami fractures, right comminuted distal third clavicle fracture, lumbosacral strain, thoracic kyphosis, and neck pain.[35] Dr. Ballard attributed Ms. Ligus' injuries to a slip and fall.[36] The United States does not provide any evidence to challenge these two consistent diagnoses nor Dr. Ballard's conclusion that the injuries resulted from a slip and fall. In fact, the United States concedes these facts.[37] Therefore, there is no genuine dispute of material fact Ms. Ligus is entitled to summary judgment as to the extent of her injuries that resulted from her slip and fall.

Ms. Ligus has also established that there is no genuine dispute of material fact as to the quality of the medical care she received following her injuries. Dr. Ballard reported that the medical treatment Ms. Ligus received, "including the emergency room, diagnostic studies and her physical therapy" was reasonable and appropriate.[38] Again, the United concedes this fact.[39]

---

[34] Dkt. 23-3 at 1–2.

[35] Dkt. 23-1 at 6.

[36] *Id.*

[37] Dkt. 24 at 3.

[38] Dkt. 23-1 at 6.

[39] Dkt. 24 at 3.

Therefore, Ms. Ligus is entitled to summary judgment as to the quality of her subsequent medical care.

Accordingly, Ms. Ligus' Motion is **GRANTED** as to the extent of her injuries that resulted from her slip and fall and the "reasonable and appropriate" medical care she received to treat those injuries.

B.  **Ms. Ligus Is Entitled to Summary Judgment as to the Appropriateness of Non-Economic Damages Should Liability Be Established**

Ms. Ligus requests that this Court grant summary judgment that, assuming the United States was negligent, "[Ms. Ligus] is entitled to an award of non-economic damages and economic damage related to [her] injuries."[40] Ms. Ligus relies on *Grant v. Stoyer*[41] for the proposition that the mere fact Ms. Ligus was injured and received medical care entitles her to some amount of non-economic damages.[42] The United States argues that a ruling on the type or amount of money damages is premature because Ms. Ligus has not yet proven the United States was negligent.[43]

It is undisputed that, as a result of her slip and fall, Ms. Ligus suffered physical injuries for which she required and received medical treatment.[44] Under *Grant*, assuming her injuries resulted

---

[40] Dkt. 23 at 6.

[41] 10 P.3d 594 (Alaska 2000) (holding where plaintiff proved that she suffered physical injuries and pain as a result of defendant's negligence, the jury had discretion to determine nature and extent of pain and suffering caused by accident, could not refuse to award any noneconomic damages).

[42] Dkt. 23 at 7.

[43] Dkt. 24 at 5.

[44] Dkts. 23-1 at 2, 23-2 at 8, 23-3.

7

from the United States' negligence, she would be entitled to some economic *and* non-economic damages.[45]

Nothing prevents courts from making rulings as related to the type or amount of damages at stake prior to establishing liability. Although, judgment on damages ordinarily follows a finding of liability, courts have on occasion ordered bifurcated trials proceed in reverse—whereby, the trial for establishing the amount of damages precedes the trial for establishing tort liability.[46]

The Court agrees with the United States in that Ms. Ligus' request falls outside the usual sequence of issues. In almost every case, the question of damages will be put off until liability is established.[47] However, damages are part-and-parcel of her negligence claim. The United States has not identified any caselaw which restricts a court to only ruling on the elements of Ms. Ligus' claim in the order they might appear in hornbook law: duty, breach, causation, then harm. The United States is correct that Ms. Ligus has yet to prove that her injuries resulted from the United States' negligence, and that if she fails, the question of damages becomes moot. However, because Ms. Ligus' claim fails without all four elements, the sequence of proof is inconsequential. Therefore, proof of harm may established out of the ordinary order and a finding that damages is appropriate may precede the determination of negligence."

---

[45] 10 P.3d 594.

[46] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) ("In fact, courts have commonly used reverse bifurcation in asbestos cases.") (citing *Borman v. Raymark Indus.*, 960 F.2d 327, 329 (3d Cir. 1992); *In re Joint E. & S. Dists. Asbestos Litig.*, 798 F.Supp. 940, 944 (E. & S.D.N.Y.1992), *rev'd*, 995 F.2d 343 (2d Cir.1993) *and rev'd sub nom. Malcolm v. National Gypsum Co.*, 995 F.2d 346 (2d Cir. 1993); *Hughes v. Owens–Corning Fiberglas Corp.*, No. 88–3374, 1991 WL 242185 (E.D. La. Nov. 5, 1991). Bifurcation is committed to the discretion of district courts by Fed. R. Civ. P. 42(b). *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

[47] *Dapo v. State*, 454 P.3d 171, 178 (Alaska 2019) ("To establish negligence, a party must show '(1) a duty of care; (2) breach of the duty; (3) causation; and (4) harm.'").

Accordingly, Ms. Ligus' Motion is **GRANTED** as to the fact that, assuming she proves the United States was negligent, that her injuries would entitle her to non-economic and economic damages.

## V. CONCLUSION

For the foregoing reasons, Ms. Ligus' Motion at docket 23 is **GRANTED**. The Court **HEREBY FINDS** as follows:

1. Ms. Ligus incurred a comminuted distal third clavicle fracture, right inferior and superior pubic rami fractures, lumbosacral strain, thoracic kyphosis, and neck pain as a result of her slip and fall.

2. As a direct result of these injuries the Ms. Ligus underwent medical care, hospitalization, follow-up medical visits, which were reasonable and appropriate.

3. Assuming Ms. Ligus proves the United States was negligent, Ms. Ligus is entitled to an award of non-economic damages and economic damage for the injuries she received as a result of this slip and fall.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 13th day of February, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE